IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DUANE EGGERSTEDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-0095-CV-W-ODS |
| ) | |
| PAPA JOHN'S USA, INC. and ) | |
| CHRISTOPHER HODGES, ) | |
| ) | |
| Defendants. ) | |

ORDER AND OPINION GRANTING PLAINTIFF'S MOTION TO REMAND FOR LACK
OF JURISDICTION AND REMANDING CASE TO THE CIRCUIT COURT
FOR CLAY COUNTY, MISSOURI

Pending is Plaintiff's Motion to Remand, which alleges jurisdiction is lacking under 28 U.S.C. § 1332 because (1) Plaintiff and Defendant Christopher Hodges are both citizens of Missouri and (2) less than $75,000 is in controversy. The Court concludes Hodges was not fraudulently joined and diversity of citizenship is lacking, so jurisdiction is lacking and the case must be remanded. The Court offers no opinion with respect to the amount in controversy. All other motions remain pending for the state court to address on remand.

I. BACKGROUND

Plaintiff initiated this suit in the Circuit Court of Clay County, Missouri. The Petition asserts a claim for age discrimination under the Missouri Human Right Act ("MHRA") and names as Defendants Papa Johns USA, Inc. ("Papa Johns") and Christopher Hodges. Plaintiff alleges he was hired by Papa Johns in July 2008 and was terminated in February 2013. Petition, ¶¶ 12, 16. He alleges his age was a factor in the decision to terminate him. Petition, ¶¶ 16-19.

The MHRC Charge of Discrimination names Papa Johns but not Hodges. Hodges' name is not mentioned. The Charge does say Plaintiff's "District Manager did

not visit my store and provide me with proper training, help, and support compared to younger General Managers," and in his Suggestions in Support of his Motion to Remand Plaintiff identifies Hodges as his District Manager, Doc. # 15 at 2-3. The Petition alleges both Defendants were aware of and had an opportunity to respond to the Charge. Petition, ¶ 10. Defendants contend Hodges was not a "District Manager," Doc. # 19 at 9, and have supplied an Affidavit from Hodges wherein he avers that he had no involvement in the Missouri Human Rights Commission's investigation and, in fact, that he never saw it.

## II. DISCUSSION

Clearly, diversity of citizenship is lacking. The Court would nonetheless have jurisdiction if the diversity-destroying defendant was fraudulently joined. The party seeking removal and opposing remand has the burden of demonstrating that federal jurisdiction exists. E.g., In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1995) (per curiam) (citing Bor-Son Bldg. Corp. v. Heller, 572 F.2d 174, 181 n.13 (8th Cir. 1978)). Therefore, it is Defendants' obligation to demonstrate Hodges was fraudulently joined.

> The Eighth Circuit has articulated the fraudulent joinder standard as follows:
>
> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Iowa Pub. Serv. Co. v. Med. Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added). However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder. See Foslip Pharm., Inc. v. Metabolife Int'l, Inc., 92 F. Supp.2d 891, 903 (N.D. Iowa 2000).

Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (internal footnote omitted). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002). If there is a reasonable basis in fact and law that supports the claim, joinder is not fraudulent. Filla, 336 F.3d at 810. In conducting this inquiry, the

Court must "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," but the Court has "no responsibility to *definitively* settle the ambiguous question of state law." Id. at 811 (citations omitted) (emphasis in original).

There is no question that the MHRA provides a private cause of action, nor is there any question that it permits Plaintiff to sue Hodges. Defendants point to the MHRA's requirement that an administrative charge be filed with the Missouri Human Rights Commission before a suit may be filed. They argue that Plaintiff's Charge did not name Hodges, so the suit against him is barred. The Missouri Supreme Court has described circumstances in which a trial court should allow a defendant to be sued even if the defendant was not named in the administrative charge. Hill v. Ford Motor Co., 277 S.W.3d 659, 669-70 (Mo. 2009) (en banc).

Defendants contend this exception does not apply, and they may be right. The correctness of their argument does not aid in answering the present question: which court should decide if Defendants are right? The viability of this defense (and the application of an exception) depends on the particulars of the case, and must be decided on a case-by-case basis. Resolution of the disputed issues requires a court with judicial power. A federal court cannot resolve the defense's viability unless it first has jurisdiction.

It may be that Hodges has a completely valid defense against Plaintiff's claim. Hodges has a compelling argument, and the argument has been accepted by Missouri courts in different cases (necessarily involving different factual circumstances). Defendants have presented the Court with several such decisions; however, none of them dictate the outcome in the particulars of *this* case. The exception to the defense exists because of Hill, and there is at least the possibility (if not the certainty) that some cases have proceeded notwithstanding the plaintiff's failure to include a defendant in the administrative charge. All of this is beside the point because the existence of a viable defense – even an extremely viable defense -- does not mean Hodges has been fraudulently joined. If it did, then all diversity-destroying defendants could present all manner of defenses and claim to have been fraudulently joined. Plaintiff presents a viable cause of action, and Hodges presents a viable defense: this requires a judicial

resolution by a court having jurisdiction. State law might impose liability, so Hodges was not fraudulently joined.

## III. CONCLUSION

Hodges was not fraudulently joined, so his citizenship cannot be disregarded for purposes of 28 U.S.C. § 1332. The Court lacks jurisdiction in this matter, so the Motion to Remand (Doc. # 14) is granted and the case is remanded to the Circuit Court for Clay County, Missouri.

IT IS SO ORDERED.

DATE: May 16, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT